UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-004-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ERICA BAKER and RONALD | ) | **MEMORANDUM ORDER** |
| COBURN, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ronald Coburn has filed a second motion to continue the jury trial, which is currently scheduled to begin on August 15, 2023. In support, Coburn cites the second superseding indictment that was returned on June 15, 2023, which includes five new charges. These are charges of tax evasion, which Coburn contends are entirely unrelated to the charges in the superseding indictment.

Coburn asserts that, as a result of the new charges, he requires additional time to review discovery material, conduct his own investigation, file any appropriate pretrial motions, identify and consult with potential expert witnesses, and otherwise prepare for trial on the new charges. Coburn and his co-defendant Erica Baker have provided written statements, signed by each defendant, affirmatively consenting to the request for a continuance.

The United States has filed a response in opposition to Coburn's request for a continuance. The government concedes that it provided 3,431 pages of supplemental discovery regarding the tax charges to Coburn's counsel on June 21, 2023. However, it contends that the discovery includes reports of interviews with "only three new fact witnesses"

- 1 -

and that the new charges are closely related to the charges in the superseding indictment. Specifically, the government asserts that Coburn earned income from the fraudulent scheme alleged in counts 1 through 12. It further alleges that the new charges (counts 13 through 17) involve the steps Coburn took to evade the assessment and payment of the taxes he owed the IRS on the income he earned from the fraudulent scheme. The government maintains that all of the charges involve a substantial overlap of witnesses and financial records.

The Speedy Trial Act gives the Court broad discretion to grant a continuance when necessary to allow further preparation. *United States v. Rojas-Contreras*, 474 U.S. 231, 236-37 (1985). The Court gives some weight to the government's argument concerning overlapping evidence, since only 3,431 pages were disclosed in light of the new charges—compared with over a million pages that were produced in March 2023. However, it seems to overemphasize the connection between the old charges and the new. Coburn's alleged failure to pay taxes on fraudulently earned income almost certainly will involve separate evidence and different legal theories that counsel will now be required to consider.

While the Court is inclined to continue the trial to ensure that the defendants have adequate preparation time, Coburn has not shown that an additional 90 days is necessary. The Court notes that co-defendant Baker's original trial date of August 16, 2022, has now been continued for a year. Although this matter was previously declared complex, the Speedy Trial Act protects both the defendants' ***and*** the public's interest in timely criminal trials.

Accordingly, it is hereby **ORDERED** as follows:

1.      Defendant Coburn's motion to continue [Record No. 82] is **GRANTED**, in part.

- 2 -

2.      The jury trial previously scheduled for August 15, 2023, is **CONTINUED** to **Tuesday, September 26, 2023**, beginning at the hour of **9:00 a.m.**, at the United States Courthouse in Lexington, Kentucky.  Counsel are directed to be present at **8:30 a.m.**

3.      The final pretrial conference previously scheduled for July 14, 2023, is **CONTINUED** to **Friday, September 15, 2023**, beginning at the hour of **1:00 p.m.**, at the United States Courthouse in Lexington, Kentucky.

4.      The delay occasioned by the continuance of the trial is excluded under the Speedy Trial Act.  18 U.S.C. § 3161.  It has been declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  Further, the ends of justice served by the continuance outweigh the best interests of the public and the defendants in a more speedy trial.  § 3161(h)(7)(A).  More specifically, the continuance is necessary to provide Defendant Coburn with adequate time for effective preparation, taking into account the reasonable exercise of due diligence.  § 3161(h)(7)(B)(iv).  This reasonable period of delay also is excludable because the defendants have been joined for trial and no motion for severance has been granted.  § 3161(h)(6).  Accordingly, the Court finds that the period of delay resulting from this continuance (August 15, 2023 to September 26, 2023) is excluded under the Speedy Trial Act.

5.      Pretrial filings as outlined in paragraphs 7, 8, 9, and 10 of the Pretrial and Discovery Order [Record No. 16] are due **two weeks prior to the commencement of the scheduled trial.**

Dated: June 26, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky