UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>  Plaintiff,   )<br>  )<br>V.   )<br>  )<br>RONALD COBURN,   )<br>  )<br>  Defendant.   ) | Criminal Action No. 5: 22-004-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ronald Coburn filed a pleading captioned "Motion for Return of Property, Dismissal of Forfeiture, or Alternatively, for Relief under Rule 60(b)." [Record No. 150] He seeks the return of property or dismissal of the forfeiture claim, asserting that "[t]he Government seized over $26,000,000.00 worth of Assets" that "were not purchased with proceeds from the offenses, not traceable to the offenses, and which belong to Defendant's wife (third party) not the Defendant. [*Id.* at 1] Coburn specifically identified the following property in his motion: a residence at 3096 Bobwhite Trail, Lexington, Kentucky; a lot at 3092 Bobwhite Trail, Lexington, Kentucky; a 116' Lazarra Yacht; the LabTox LLC laboratory; a Moke vehicle; and various jewelry and purses. [*Id*; Record No. 150-1] The United States responded and Coburn filed a reply. [Record Nos. 153 and 156]

Following careful review, the Court will deny Coburn's motion.

**I.**

Coburn pleaded guilty to health care fraud in violation of 18 U.S.C. § 1347 and tax evasion in violation of 26 U.S.C. § 7201 after the company that he owned and operated,

- 1 -

LabTox, LLC, submitted false and fraudulent claims to Medicare and Kentucky Medicaid for urine drug testing services. [Record No. 95]

The superseding indictment included a forfeiture claim, notifying Coburn of the United States' intent to seek forfeiture of "all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds" of the violation of 18 U.S.C. § 1347, pursuant to 18 U.S.C. § 982(a)(7). [Record No. 75 at 31–32] As a part of his plea agreement, Coburn agreed to the entry of a forfeiture money judgment of $1,864,429 and to pay restitution as follows: $1,845,721 to the Kentucky Department of Medicaid Services, $18,708 to Medicare, and $3,566,645 to the Internal Revenue Service. [Record No. 95 at ¶¶ 12, 14, 15]

Following his guilty plea, Coburn consented to the entry of a preliminary order of forfeiture. [Record No. 117] The preliminary order forfeited to the United States the proceeds of his 18 U.S.C. § 1347 violation, including the real property known as 3096 and 3092 Bobwhite Trail, Lexington, Kentucky; a pink Moke vehicle; and various jewelry and luxury items listed therein. [*Id.* at 1–3] That order also imposed a forfeiture money judgment of $1,864,429, less any amount realized from the forfeiture and liquidation of directly forfeited assets, representing the proceeds that Coburn obtained as a result of the violation of 18 U.S.C. § 1347. [*Id.* at 3] In addition, Coburn forfeited laboratory equipment and furniture located at 2716 Old Rosebud Road, Suite 280, Lexington, Kentucky, as substitute assets to be applied to the forfeiture money judgment pursuant to 21 U.S.C. § 853(p). [*Id.* at 3–4]

The Court sentenced Coburn to forty-six months' imprisonment and made the forfeiture final as to him and included it in the judgment. [Record No. 131 at 2, 7–9] The judgment included forfeiture of the real property known as 3096 and 3092 Bobwhite Trail, Lexington, Kentucky, a pink Moke vehicle, and various jewelry and luxury items. [*Id.* at 8–9] The United

States later moved to amend the preliminary order of forfeiture to include additional personal property—various jewelry and luxury items—that Coburn and his wife, Norma Baker, voluntarily turned over to law enforcement for forfeiture as substitute property pursuant to 21 U.S.C. § 853(p). [Record No. 139] The amended preliminary order also noted that the United States no longer sought forfeiture of the real property identified in the original preliminary order of forfeiture. [Record No. 140 at 1 n.1]

Coburn did not appeal his conviction, sentence, or any of the forfeiture or restitution orders. Instead, more than two years after sentencing, he seeks relief from the forfeiture imposed against him.

## II.

The United States correctly notes that Coburn identifies no procedural basis for challenging the forfeiture portion of his sentence more than two years after sentencing. The preliminary order of forfeiture becomes final as to the defendant at sentencing or at any time before sentencing if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A). And a defendant who wishes to challenge that forfeiture must file a notice of appeal within fourteen days of entry of judgment or the order being appealed. Fed. R. App. P. 4(b)(1); Fed. R. Crim. P. 32.2(b)(4)(C).

Courts have recognized that "the actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant." *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997). Such an order "terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined." *Id.* Because criminal forfeiture is part of the defendant's sentence, it "must be challenged on direct appeal or not at all." *United States v. Baker*, No. 4:17-CR-00007-JHM, 2021 WL 395763, at *2 (W.D. Ky.

Feb. 4, 2021) (quoting *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)). Accordingly, the defendant has an "obligation to attack the criminal forfeiture on direct appeal." *Id.* (quoting *United States v. Nguyen*, No. 3:14-CR-00065-GNS-1, 2017 WL 4478012, at *3 (W.D. Ky. Oct. 6, 2017)).

Here, the Court's amended preliminary forfeiture order (which include the property Coburn now seeks to challenge) became final as to him at sentencing. [Record No. 140] The order expressly states that, "[p]ursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the forfeiture was final as to the Defendant at the time of sentencing and was made part of the sentence and included in the judgment." [Record No. 140 at 6] Coburn was required to contest the forfeiture on direct appeal if he intended to challenge it, but he failed to do so. Accordingly, he cannot now challenge the criminal forfeiture of the property.

But even if Coburn could challenge the forfeiture imposed against him, his arguments fail on the merits. First, Coburn seeks the return of, and dismissal of forfeiture regarding, the real property at 3096 Bobwhite Trail, Lexington, Kentucky; the lot at 3092 Bobwhite Trail, Lexington, Kentucky; and the 116' Lazzarra Yacht. [Record Nos. 150 and 150-1] The United States represents that it did not seize or forfeit any of these assets from Coburn. [Record No. 153 at 4 (citing Record Nos. 140 at 1 n. 1 and 131 at 7–9)] Instead, it explains that Coburn voluntarily sold these assets and remitted the sale proceeds to the United States to satisfy the agreed judgment in the related civil action before this Court. *See United States ex rel. Secamiglio v. LabTox, LLC*, et al., Civil Action No. 5: 20-305-DCR. Because the government never possessed these assets, it cannot be compelled to return them. *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003); s*ee United States v. Obi*, 100 F. App'x 498, 499 (6th Cir.2004).

Coburn also seeks the return of assets that were forfeited from him: LabTox laboratory equipment and furniture, a pink Moke vehicle, and various jewelry and purses. He argues that they belonged to his wife and that she did not receive notice or an opportunity to contest the forfeiture. [Record Nos. 150 at 1–2 and 150-1] The United States responds that it provided Norma Baker with notice and an opportunity to contest the forfeiture. [Record No. 153 at 5] To date, the United States has obtained a partial final decree and order of forfeiture for the Moke and the directly forfeited jewelry and luxury items. [Record No. 142]

In the partial final decree, the government indicates that it delivered direct notice of the forfeiture of the property identified in the original preliminary order of forfeiture *via* Federal Express to Norma Baker on January 6, 2024, and that no claim to the property had been made. [*Id.* at 2] Forfeiture of the remaining jewelry and luxury items, which were forfeited as substitute assets, remains pending with respect to any potential third parties claiming an interest in the property. [Record No. 153 at 5 n.2] In any event, Coburn's innocent-owner argument fails because a defendant lacks standing to assert a third party's interest in property subject to forfeiture. *Christunas*, 126 F.3d at 769 (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576 (9th Cir. 1989)).

Finally, Coburn cursorily argues that the forfeiture violated his due process rights because the government failed to establish a nexus between the forfeited property and his criminal conduct, and that the forfeiture was excessive. [Record No. 150 at 1–5] The United States responds that the forfeiture complied with Federal Rule of Criminal Procedure 32.2 and provided Coburn with sufficient notice and an opportunity to challenge it. [Record No. 153 at 5–6] The United States further indicates that the superseding indictment provided Coburn with notice of the forfeiture as required by Rule 32.2(a), that it established the requisite nexus

through Coburn's agreement in the plea agreement and the agreed preliminary order of forfeiture, consistent with Rule 32.2(b)(1) and (2), and that the forfeiture became final as to Coburn at sentencing and was included in his judgment as required by Rule 32.2(b)(4). [*Id.* at 6 (citing Record Nos. 75 at 31–32; 95 at ¶ 12; 117; and 131)] Importantly, as part of his plea agreement, Coburn consented to the imposition of a forfeiture money judgment of $1,864,429, representing the proceeds he obtained from the health care fraud offense to which he pleaded guilty. [Record No. 95 at ¶ 12] He also consented to the entry of a preliminary order of forfeiture and agreed to take any necessary steps to assist the government in effectuating the surrender and forfeiture of the assets identified therein. [*Id.*] Accordingly, Coburn cannot argue that the government violated his due process rights by failing to establish a nexus between the property and his criminal conduct.

Coburn also fails to support his claim that the forfeiture is excessive. He asserts that the United States seized and forfeited assets worth more than $26 million, but he provides no evidence to support that valuation, and the United States disputes it. [Record Nos. 150 and 153 at 6] The record does not show that the value of the forfeited property is "grossly disproportional to the gravity of" Coburn's offenses. [Record No. 150 at 2–3 (citing *United States Bajakajian*, 524 U.S. 321, 334 (1998))]. Instead, the forfeited assets constitute proceeds of Coburn's health care fraud or substitute assets used to satisfy the money judgment representing the proceeds he obtained from the fraud. Coburn has not demonstrated that the forfeiture violates the Excessive Fines Clause of the Eight Amendment.

## III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Ronald Coburn's motion [Record No. 150] is **DENIED**.

Dated: March 13, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky
